## In re GORT.

No. 65-571.

Florida Industrial Commission.
Unemployment Compensation Board of Review.
December 30, 1965.

Patrick A. Mears and W. W. Stalvey, both of Tallahassee, for the commission.

Florida Unemployment Compensation Board of Review, J. D. WRIGHT, Jr., Chairman, WALTER L. LIGHTSEY, Member, FRANK M. NELSON, Jr., Member.

This cause came on for final administrative disposition by the board of review at Tallahassee on December 15, 1965, upon claimant's appeal and was reviewed upon the record.

*Nature of previous decision:* The appeals referee dismissed the claimant's appeal on September 13, 1965, after a hearing on September 9, 1965, at claimant's request.

*Findings of fact:* The claimant is a 63-year-old chef who has been employed on a seasonal basis at Miami Beach and in New York for several years. Claimant was employed by the employer at Miami Beach in the fourth quarter of 1963 and the first quarter of 1964. The employer reported to the Florida Industrial Commission that he had worked a total of 19 weeks in his base period.

After the hearing was held on September 9, 1965, and claimant requested that his appeal be dismissed, he returned to the office of the employer and consulted the employer's bookkeeper. The bookkeeper discovered that the employer's auditor had not reported one additional week in the fourth quarter of 1963 for the claimant. Claimant then requested a rehearing for the purpose of getting the bookkeeper to testify in his behalf. A re-hearing was granted and the case was remanded to the appeals referee with instructions to hold another hearing to give claimant an opportunity to get the bookkeeper's testimony. The hearing was held at Miami on October 12, 1965, at which time the bookkeeper appeared and testified. It was established by the bookkeeper that claimant worked from December 20, 1963, to and including May 1, 1964. The auditor

for the employer reported the correct amount of money paid to claimant in the last quarter of 1963, but claimant worked one week and five days in that quarter, thus giving him two weeks instead of the one reported. Since claimant had 19 weeks of employment in his base period, the extra week would give him the required 20 weeks of employment to entitle him to establish a claim.

After becoming unemployed with his Florida employer, claimant went to New York at the end of the season, where he was again employed as a chef. Claimant was paid $200 per week while working as chef during the winter season in Florida. When the summer season closed in New York, claimant returned to Florida and filed his claim for benefits on or about August 1, 1965. Although claimant expects to return to his former employer at Miami Beach at approximately the same salary of $200 per week, he restricts himself to summertime employment at a salary of $250 to $400 per week.

Claimant is entitled to credit of 20 weeks of employment during his base period.

Claimant was not available for work.

*Reasons for decision:* The Florida Unemployment Compensation Law provides that an individual must show employment of at least 20 weeks in his base period in order to draw benefits. The record in this case conclusively shows that claimant had 20 weeks of employment during his base period and is, therefore, monetarily eligible for benefits.

The Florida Unemployment Compensation Law also provides that an individual shall be eligible to receive unemployment compensation benefits in any week in which the commission finds, among other things, that he is able to work and available for work. To be available for work the individual must be in the open labor market, actively and diligently seeking such employment as he is capable of performing, without undue restrictions. The record and evidence in this case clearly show that the claimant earned about $200 per week during his regular winter-season employment in Florida, but that he restricted himself to summertime part-time employment at a salary of $250 to $400 per week. We must conclude that claimant has restricted himself out of the labor market and is therefore not available for work.

*Decision:* The decision of the appeals referee dismissing the claimant's appeal is set aside. Claimant is monetarily eligible to receive benefits.

Claimant is ineligible for benefits because not available for work for the period beginning August 6, 1965.